UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DWAYNE TRYALS,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>        Respondent. | Civil No. 12cv02333 BEN(RBB)<br><br>**ORDER SETTING BRIEFING SCHEDULE FOR PETITIONER'S MOTION TO HOLD PROCEEDINGS IN STAY AND ABE[Y]ANCE ORDER [ECF NO. 3]** |

    Petitioner, Michael Dwayne Tryals, filed a Petition for Writ of Habeas Corpus on September 24, 2012, pursuant to 28 U.S.C. § 2254 [ECF No. 1]. His "Motion to Hold Proceedings in Stay and Abe[y]ance Order" was filed that same day [ECF No. 3]. Tryals asks the Court to hold the Petition in abeyance while he returns to state court to exhaust an unexhausted claim.

    In Rhines v. Weber 544 U.S. 269 (2005), the Supreme Court held that district courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. Rhines, 544 U.S. at 276-77. The Rhines Court held that "a stay and abeyance 'should be available only in

limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (quoting Rhines, 544 U.S. at 177).

The court in Jackson noted that the Rhines holding applies to stays of mixed petitions, but Rhines did not comment on the validity of the withdraw and abeyance procedure when unexhausted claims are withdrawn from a mixed petition and the resultant fully-exhausted petition is held in abeyance while petitioner returns to state court to exhaust the unexhausted claims. Jackson, 425 F.3d at 661. Because Jackson involved a mixed petition, the court held that Rhines directly controlled and "left for another day the question of whether the stay standard announced by the Supreme Court in Rhines applies to our three-step stay-and-abeyance procedure." Id.

Regardless of whether Tryals' motion for stay and abeyance is subject to the restrictions placed on this Court's discretion to issue a stay as set forth in Rhines, or is subject to the Ninth Circuit's withdraw and abeyance procedure, the Petitioner must satisfy the criteria for issuance of a stay. Under either procedure, **he must demonstrate there are arguably meritorious claims that he wishes to return to state court to exhaust and that he is diligently pursuing his state court remedies with respect to those claims**. Jackson, 425 F.3d at 661; see Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000). Petitioner shall address these concerns in a brief in support of his Motion. In addition, **he should set forth facts in an attempt to demonstrate good cause for his failure to timely exhaust the state court remedies**.


**CONCLUSION AND ORDER**

The Petitioner may file a brief in support of his motion for stay and abeyance no later than October 16, 2012. Any response to the motion for stay and abeyance must be filed by Respondents no later than November 6, 2012. The Petitioner may file a reply to the Respondents' brief by November 27, 2012.

**IT IS SO ORDERED.**

DATED: September 26, 2010    _____
                             Ruben B. Brooks
                             United States Magistrate Judge

cc: Judge Benitez
    All Parties