FILED

12 OCT 12 PM 12:26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL DWAYNE TRYALS,

                      Petitioner,

          v.

STATE OF CALIFORNIA, Warden,

                      Respondent.

Civil No.    12-2333 BEN (RBB)

**ORDER:**

**(1) DENYING IN FORMA PAUPERIS APPLICATION,**

**(2) DISMISSING CASE WITHOUT PREJUDICE, and**

**(3) DENYING STAY WITHOUT PREJUDICE AS MOOT**

       Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis. He has also filed a motion to stay the proceedings.

### REQUEST TO PROCEED IN FORMA PAUPERIS

       Petitioner's request to proceed in forma pauperis reflects a $23.43 balance in his prison trust account. The filing fee associated with this type of action is $5.00. See 28 U.S.C. § 1914(a). It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice; Petitioner may submit a copy of this order along with the requisite fee **no later than November 29, 2012**, to have the case reopened.

**FAILURE TO NAME A PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named the "State of California," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

/ / /

/ / /

**MOTION TO STAY THE PROCEEDINGS**

Petitioner has also filed a motion to stay the proceedings while he exhausts the claims raised in the Petition in the state courts. (ECF No. 3.) According to the Petition, a petition for habeas corpus is currently pending before the California are currently pending before the San Diego County Superior Court. (Pet. at 4.)  Because the Petition must be dismissed for the reasons discussed above, the motion is **DENIED** without prejudice as moot.

**CONCLUSION**

Accordingly, the Court **DENIES** Petitioner's request to proceed in forma pauperis, **DISMISSES** the Petition without prejudice due to Petitioner's failure to name a proper respondent, To have this case reopened, Petitioner must, **no later than November 29, 2012** (1) either pay the filing fee or provide adequate proof of his inability to pay <u>and</u> (2) file a First Amended Petition which names a proper respondent.  The motion to stay the proceeding is **DENIED** without prejudice to refiling if and when the case is reopened.  (*For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank First Amended Petition form and a blank application to proceed in forma pauperis form.*)

**IT IS SO ORDERED.**

DATED: _10/11/201_

_____
Roger T. Benitez
United States District Judge

CC:     ALL PARTIES

I:\Everyone\_EFILE-PRO\E:\BEN\12cv2333-Deny_Dismiss.wpd, 101012

-3-