1

2    I2 DEC -7 AM II: 23

3    CLERK U.S. DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA

4
     O74

5                                    DEPUTY

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL DWAYNE TRYALS,              Civil No.   12cv2333-BEN (RBB)

12                       Petitioner,     **ORDER:**

13                                        **(1) DENYING MOTION TO PROCEED
                                          IN FORMA PAUPERIS;**
14            v.
                                          **(2) DENYING MOTION FOR STAY
15   MATTHEW CATE, Secretary, et al.,     AND ABEYANCE; AND**

16                                        **(3) DISMISSING PETITION WITHOUT
                      Respondents.        FURTHER LEAVE TO AMEND BUT
17                                        WITHOUT PREJUDICE**

18

19          On September 24, 2012, Petitioner, a state prisoner proceeding pro se, filed a Petition for

20   a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion for leave to proceed

21   in forma pauperis and a motion for stay and abeyance. On October 12, 2012, the Court denied

22   the motion to proceed in forma pauperis because Petitioner had sufficient funds in his account

23   to pay the $5.00 filing fee. (ECF No. 5.)  The Court dismissed the Petition because Petitioner

24   had not satisfied the filing fee requirement and had failed to name a proper respondent, and

25   denied the motion for stay as moot. (Id.) Petitioner was granted leave to renew his motion for

26   stay and was informed of the requirements for showing an entitlement to a stay. (ECF No. 4.)

27   Petitioner has now filed a First Amended Petition along with a renewed motion to proceed in

28   forma pauperis and a renewed motion for stay and abeyance. (ECF Nos. 6-8.)

1    Petitioner's prior motion to proceed in forma pauperis was denied because his prison trust
2    account certificate indicated that he had a sufficient balance in his prison trust account to pay
3    the $5.00 filing fee. (ECF No. 5.)  The renewed motion to proceed in forma pauperis also
4    indicates that he has sufficient funds to pay the filing fee. (ECF No. 7.) Accordingly, the Court
5    **DENIES** the request to proceed in forma pauperis.  Because this Court cannot proceed until
6    Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court
7    **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

8        The Petition is also subject to dismissal because it contains only unexhausted claims.
9    Habeas petitioners who wish to challenge either their state court conviction or the length of their
10   confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c);
11   Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a
12   California state prisoner must present the California Supreme Court with a fair opportunity to
13   rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b),
14   (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a
15   petitioner must allege, in state court, how one or more of his or her federal rights have been
16   violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state
17   courts are to be given the opportunity to correct alleged violations of prisoners' federal rights,
18   they must surely be alerted to the fact that the prisoners are asserting claims under the United
19   States Constitution." Id. at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner
20   wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process
21   of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal
22   court, but in state court." Id. at 366 (emphasis added).

23       Here, Petitioner indicates that he has presented his claims to the state superior court, but
24   that he has not yet raised his claims in the California appellate or supreme courts. (See Pet. at
25   3-5.) Accordingly, the Petition is subject to dismissal for failure to exhaust state court remedies.
26   See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines
27   that a habeas petition contains only unexhausted claims, it need not inquire further into the
28   petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to

1 | exhaust."), citing <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001). Although Petitioner
2 | requests a stay of his Petition until he has presented his claims to the state appellate and supreme
3 | courts, because the Petition contains only unexhausted claims and is therefore subject to
4 | dismissal, this Court cannot stay the Petition. Petitioner's renewed motion for stay and abeyance
5 | is therefore **DENIED**.

6 |     Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
7 | habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that
8 | the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.
9 | Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas
10 | relief because he has not alleged exhaustion of state court remedies.

11 | **CONCLUSION AND ORDER**

12 |     The motion to proceed in forma pauperis is **DENIED**, the motion for stay is **DENIED**,
13 | and the Petition is **DISMISSED** without leave to amend for failure to satisfy the filing fee
14 | requirement and for failure to allege exhaustion of state court remedies. The dismissal is without
15 | prejudice to Petitioner to file a new habeas petition which will be given a new civil case number
16 | after he has exhausted his state court remedies.

17 |     The Clerk of Court shall close the file.

18 | **IT IS SO ORDERED**

19 | DATED: December 7, 2012

20 |     HON. ROGER T. BENITEZ
United States District Court Judge

21 | Copies to: ALL PARTIES