FILED

12 DEC -7 AM 11: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY O74 DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DWAYNE TRYALS,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>MATTHEW CATE, Secretary, et al.,<br><br>　　　　　　　　　　　Respondents. | Civil No.　12cv2333-BEN (RBB)<br><br>ORDER:<br><br>(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS;<br><br>(2) DENYING MOTION FOR STAY AND ABEYANCE; AND<br><br>(3) DISMISSING PETITION WITHOUT FURTHER LEAVE TO AMEND BUT WITHOUT PREJUDICE |

　　　　On September 24, 2012, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion for leave to proceed in forma pauperis and a motion for stay and abeyance. On October 12, 2012, the Court denied the motion to proceed in forma pauperis because Petitioner had sufficient funds in his account to pay the $5.00 filing fee. (ECF No. 5.) The Court dismissed the Petition because Petitioner had not satisfied the filing fee requirement and had failed to name a proper respondent, and denied the motion for stay as moot. (Id.) Petitioner was granted leave to renew his motion for stay and was informed of the requirements for showing an entitlement to a stay. (ECF No. 4.) Petitioner has now filed a First Amended Petition along with a renewed motion to proceed in forma pauperis and a renewed motion for stay and abeyance. (ECF Nos. 6-8.)

Petitioner's prior motion to proceed in forma pauperis was denied because his prison trust account certificate indicated that he had a sufficient balance in his prison trust account to pay the $5.00 filing fee. (ECF No. 5.) The renewed motion to proceed in forma pauperis also indicates that he has sufficient funds to pay the filing fee. (ECF No. 7.) Accordingly, the Court **DENIES** the request to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

The Petition is also subject to dismissal because it contains only unexhausted claims. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Here, Petitioner indicates that he has presented his claims to the state superior court, but that he has not yet raised his claims in the California appellate or supreme courts. (See Pet. at 3-5.) Accordingly, the Petition is subject to dismissal for failure to exhaust state court remedies. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to

exhaust."), citing <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001). Although Petitioner requests a stay of his Petition until he has presented his claims to the state appellate and supreme courts, because the Petition contains only unexhausted claims and is therefore subject to dismissal, this Court cannot stay the Petition. Petitioner's renewed motion for stay and abeyance is therefore **DENIED**.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION AND ORDER

The motion to proceed in forma pauperis is **DENIED**, the motion for stay is **DENIED**, and the Petition is **DISMISSED** without leave to amend for failure to satisfy the filing fee requirement and for failure to allege exhaustion of state court remedies. The dismissal is without prejudice to Petitioner to file a new habeas petition which will be given a new civil case number after he has exhausted his state court remedies.

The Clerk of Court shall close the file.

**IT IS SO ORDERED**

DATED: December __, 2012

HON. ROGER T. BENITEZ
United States District Court Judge

Copies to: ALL PARTIES